IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John M.,[1] | ) | C/A No.: 1:21-3412-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Kilolo Kijakazi, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Commissioner"), by her attorneys, Corey F. Ellis, Interim United States Attorney for the District of South Carolina, and Beth Drake, Assistant United States Attorney for said district, has moved this court, pursuant to 42 U.S.C. § 405(g), to enter a judgment with an order of reversal with remand of the cause to the Commissioner for further administrative proceedings. [ECF No. 14]. The motion represents that Plaintiff's counsel consents to the motion. *Id.*

Plaintiff filed a brief arguing: (1) the Administrative Law Judge ("ALJ") failed to analyze the medical opinions in accordance with the applicable regulations; (2) the ALJ improperly evaluated his migraine headaches; (3) the

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

ALJ improperly evaluated his subjective allegations as to pain imposed by orthopedic conditions and migraine headaches; and (4) the ALJ erroneously concluded he could perform his past relevant work as generally performed on a regular and continuing basis. [ECF No. 13]. The Commissioner declines to address these issues with specificity, but concedes that remand is appropriate pursuant to sentence four of 42 U.S.C. § 405(g), which authorizes the court to remand the case where the Commissioner's decision is not supported by substantial evidence or where she failed to apply the proper legal standard. [ECF No. 14].

Pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and given the parties' consent to remand, this court hereby reverses the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

Upon remand, the Appeals Council shall vacate the decision and refer the case to an ALJ, who shall take all action necessary to reevaluate the evidence of record, reassess Plaintiff's residual functional capacity, and issue a new decision. The Clerk of Court is directed to enter a separate judgment pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

April 20, 2022
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge